



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 15, 1939

Honorable R. I. Bledsoe
County Attorney
Presidio County
Marfa, Texas

Dear Sir:

Opinion No. 0-643
Re: (1) Does Article 7283 as
emended, Vernon's Annotat-
ed Civil Statutes, or Ar-
ticles 7284a and 7284b,
Vernon's Annotated Civil
Statutes govern the re-
demption of land sold un-
der a decree and judgment
of court for state, county
and common school district
taxes?
(2) Upon redemption of such
land under the proper stat-
ute, can the owner be requir-
ed and compelled to pay, as
a condition of such redemp-
tion, to the purchaser at
such tax foreclosure sale,
the amount of delinquent in-
terest on state school land
which the purchaser paid
to the state during the two
year redemption period to
protect such land from for-
feiture?

Your letter, presenting for the opinion of this
department the two questions above stated, has received our
careful consideration, because we recognize their great im-
portance not only to the owner of land seeking to redeem his
property from tax sales, but to the State of Texas as well
in its effort to effectively collect its tax revenues through
the medium of such tax sales. If Article 7284a and Article
7284b, Vernon's Annotated Civil Statutes, govern the redemp-

tion rights of the owner, he is required to pay to the purchaser at the tax sale double the amount paid by such purchaser, but if, on the other hand, Article 7283, as amended, Vernon's Annotated Civil Statutes, is the controlling statute in such cases, then the owner has the lesser burden of paying to the purchaser at such tax sale only the amount of money paid by such purchaser plus 10% of such total if within the first year of the redemption period, and 20% if within the second year of the redemption period; and, as regards the revenues of the State, you point out in connection with your second inquiry the extreme reluctance of possible purchasers to bid in property offered at foreclosure sale for state, county and school district taxes for fear that during the redemption period the state school land involved will be forfeited for non-payment of delinquent interest thereon due the State, or that upon payment of such interest during such redemption period to protect the property from forfeiture, the amount of such payments will be lost by the owner tendering only the amount of money set out in the redemption statutes.

The constitutional and statutory provisions originally designed to protect property owners from tax sales by affording them redemption rights proved entirely inadequate for this purpose, and the construction and limitations placed thereon by our courts worked such unreasonable discriminations and inequalities upon the tax payer that certain amendemtns to the applicable constitutional and statutory provisions became necessary.

Article VIII, Section 13, Constitution of Texas, prior to its amendment November 8, 1932, provided as follows:

"Provisions shall be made by the first Legislature for the speedy sale of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale of (a) all lands and other property, upon which the taxes have not been paid, and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided that the former owner shall, within two years from date

of purchaser's deed, have the right
to redeem the land upon the payment
of double the amount of money paid
for the land."

In regard to the redemption of property from tax
sales, the statute declaratory of the foregoing constitu-
tional provisions was Article 7283, Revised Civil Statutes,
1925, which provides as follows:

"The owner of real estate sold
for the payment of taxes, or his
heirs or assigns or legal representa-
tives, may, within two years from the
date of sale redeem the estate sold by
paying or tendering to the purchaser,
his heirs or legal representatives,
double the amount of money paid for
the land."

The foregoing constitutional and statutory provi-
sions were construed by our courts to apply only to sum-
mary sales made by tax collectors from the tax rolls, and
not to sales made under foreclosure of tax liens by court
judgments. Moreover, Article 7283, Revised Civil Statutes,
above quoted, was construed to apply only to sales for taxes
due the state, counties, and cities, and not to school dis-
tricts or other taxing districts created under the laws of
the State. City of San Antonio, vs. Berry, 92 Tex. 319, 48
S.W. 496; Collins, et al. vs. Ferguson, et al., 22 Tex.
Civ. App. 552, 56 S.W. 225; Brown vs. Fidelity Investment
Company, 280 S.W. 567.

To correct these conditions the Legislature, in
1927, enacted Articles 7284a and 7284b, Vernon's Annotated
Civil Statutes, which provide, respectively, as follows:

"Whenever land is sold under a de-
cree and judgment of Court for taxes
levied by or for any district organized
under the laws of the State of Texas
with authority to levy and collect taxes,
the owner of such property, or any one
having an interest therein, shall have
the right to redeem the same at any time
within two years from the date of such
sale upon payment of double the amount
paid by the Purchaser at such sale; pro-

vided, that the purchaser at such fore-
closure sale, and his assigns, shall not
be entitled to the possession of the prop-
erty sold for taxes until the expiration
of two years from the date of such sale."

"Whenever land is sold under a de-
cree and judgment of court for taxes
levied by or for the State, or by or for
any County within the Sta.e, the owner
of such property, or any one having an
interest therein, shall have the right
to redeem the same at any time within
two years from the date of such sale up-
on payment of double the amount paid by
the purchaser at such sale; provided
that the purchaser at such foreclosure
sale, and his assigns, shall not be en-
titled to the possession of the property
sold for taxes until the expiration of
two years from the date of such sale."

Thereafter, on November 8, 1932, an amendment to
Article VIII, Section 13, Constitution of Texas, became ef-
fective to provide as follows:

"Provision shall be made by the
first Legislature for the speedy sale,
without the necessity of a suit in Court,
of a sufficient portion of all lands and
other property for the taxes due thereon,
and every year thereafter for the sale in
like manner of all lands and other prop-
erty upon which the taxes have not been
paid; and the deed of conveyance to the
purchaser for all lands and other proper-
ty thus sold shall be held to vest a good
and perfect title in the purchaser there-
of, subject to be impeached only for ac-
tual fraud; provided, that the former
owner shall within two years from date of
the filing for record of the Purchaser's
Deed have the right to redeem the land
on the following basis:

"(1) Within the first year of the
redemption period uppn the payment of
the amount of money paid for the land,

including One ($1.00) Dollar Tax Deed
Recording Fee and all taxes, penalties,
interest and costs paid plus not exceed-
ing twenty-five (25%) percent of the ag-
gregate total;

"(2) within the last year of the re-
demption period upon the payment of the
amount of money paid for the land, in-
cluding One ($1.00) Dollar Tax Deed Re-
cording Fee and all taxes, penalties,
interest and costs paid plus not exceed-
ing fifty (50%) per cent of the aggre-
gate total. (Sec. 13, Art. 8, adopted
election Nov. 8, 1932.)"

In Opinion No. O-46 by this department under
date of January 7, 1939, to Honorable Morris Rolston,
County Attorney of Titus County, it was held that the
foregoing constitutional provision was not self-executing
but merely directed the Legislature to put certain laws
into effect, and that the Legislature had not complied
with the mandate thereof to the effect that provisions
should be made for the speedy sale, without the necessity
of a suit in court, of lands for taxes thereon. However,
inasmuch as the tax sales upon which your inquiries turn
involve sales made under a decree and judgment of court
for state, county, and common school district taxes
rather than summary sales, we are not concerned with this
question, but rather with the redemption features of this
amendment.

It is our thought that the Legislature complied
with the redemption provisions of this constitutional
amendment by the amendment in 1933 of Article 7283, Re-
vised Civil Statutes, as follows:

"The owner of the real estate
sold for the payment of taxes, or
his heirs or assigns or legal repre-
sentatives, may, within two (2)
years after the date of filing for
record of the purchasers deed, have
the right to redeem the land on the
following basis:

"(1) Within the first year of
the redemption period upon the pay-

ment of the amount of money paid for
the land, including One Dollar ($1.00)
tax deed recording fee and all taxes,
penalties, interest and costs thereaf-
ter paid thereon plus ten per cent
(10%) of the aggregate total.

"(2) Within the last year of the
redemption period upon the payment of
the amount of money paid for the land,
including One Dollar ($1.00) tax deed
recording fee and all taxes, penalties,
interest and costs thereafter paid
thereon plus twenty per cent (20%) of
the aggregate total.

"Provided, that, subject to the
owner's right to redeem as aforesaid,
any lien holder or party interested
may within the time above specified re-
deem said property under the same pro-
visions.

"Sec. 2. This Act is intended to
apply to and govern the amount neces-
sary to be paid for redemption from all
State, County, municipal and/or district
tax sales of real estate heretofore or
hereafter made regardless of the legal
method used in making such sales.

"Sec. 3. In addition to redeeming
direct from the purchaser, redemption
may also be made as provided in Articles
7284 and 7285 of the Revised Civil Stat-
utes of Texas of 1925. (As amended Acts
1933, 43rd Leg., 1st C.S., P. 91, ch.
31, Sec. 1.)"

We wish to stress the language of Section 2 of
the foregoing amendment to Article 7283, Revised Civil
Statutes, applying the terms and conditions thereof to
district tax sales of real estate as well as state, county,
and municipal tax sales, and also embracing all tax sales,
regardless of the legal methods used in making such sales.
We think this language was designed to and does, in fact,
correct in all things the limited construction placed upon
Article 7283, Revised Civil Statutes, before this amendment,

to the effect that same did not apply to sales made under foreclosure of tax liens by court judgment, but only to summary sales, and, further, that tax sales by school districts and other taxing districts were not embraced within the scope of such Article, but only taxes sales for state, county, and city taxes. This being the latest expression of the Legislature upon the subject, and being a full, complete and adequate statute upon the subject of tax redemptions, and in accordance with the constitutional mandate, it would seem to us that under principles of statutory construction too well established to require the citation of authorities, Articles 7284a and 7284b, Vernon's Annotated Civil Statutes, would be thereby impliedly repealed, and Article 7283, as amended in 1933, would be the controlling statute upon the subject. This conclusion is strengthened by the emergency clause of the Act amendatory of Article 7283, Revised Civil Statutes, This clause recites that "the fact that the cost of redeeming land sold for taxes is 100% profit to the purchaser, and the Constitution now authorizes the Legislature to reduce it, and the fact that it ought to be reduced speedily for a long needed release to the property owner, creates an emergency," etc.

But we find that your first question is no longer an open one in Texas, but is foreclosed by the case of Hinkson vs. Lorenzo Independent School District, 109 S.W. (2d) 1008. Here this decision turned, in part, upon the validity of a decree and judgment foreclosing a tax lien for certain independent school district taxes, and provided that the sale thereunder should be subject "to the rights of the owner, or anyone having an interest in the land to redeem it at any time within two years from the date of the sale upon payment of double the amount paid by the purchaser at the sale." These provisions were in keeping with the terms of Article 7284a, Revised Civil Statutes, 1925, but appellant contended that the judgment should have decreed to him the right to redeem his land under the provisions of Article 7283, as amended by the Forty-third Legislature in 1933.

Upon this question the court spoke as follows:

"We cannot accede to this contention. The old article 7283 was a part of section 19 of the Act of 1876, c. 152, p. 259, which dealt with sales of land for taxes by the tax collectors under summary process, and had no reference to sales made under judgments of

foreclosure of tax liens. Moreover, that act, like all others prior to the enactment of article 7284a in 1927, had reference to sales for taxes due the state, counties, and cities. None of them had any reference, in so far as the matter of redemption is concerned, to sales of real estate under foreclosure of tax liens owing to school and other districts created under the laws of the state. The constitutional provision for such redemption, article 8, section 13, applied only to summary sales made by tax collectors from the tax rolls and not to sales made under foreclosure of tax liens by court judgments. City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496; Collins et al. v. Ferguson et al., 22 Tex. Civ. App. 552, 56 S.W. 225. There is nothing in the late amendments of either the Constitution or the statutes, article 7283, which would indicate an intention to extend their application." (Underscoring ours.)

In the face of Section 2 of Article 7283, as amended, Revised Civil Statutes, specifically enlarging the scope and application of this redemption statute, we cannot see how the court reached its conclusion that nothing is found in either the Constitution or such statute, Article 7283, to extend their application. We have heretofore expressed our views upon the effect of this amendment, but these observations cannot stand before this decision where the question at issue was squarely presented and decided. The judicial department has spoken upon this question, and it is beyond the province or desire of this department to disturb such holding.

By your second question you desire to be advised if an owner of land, sold under judgment and decree of foreclosure for state, county and school district taxes, could, upon redeeming such land in the mode and manner provided by the statute above discussed, be required to reimburse the purchaser at such tax sale for such sum of money as said purchaser might be compelled to pay for delinquent interest on state school lands to prevent forfeiture thereof.

That a purchaser of encumbered property or a purchaser at an execution or judicial sale is entitled to protect his interest thereby acquired by paying taxes, charges, encum-

brances, liens etc. and become subrogated to the lien securing such taxes and charges etc. is undoubted law in this State. The case Meador v. Wagner, 70 S. W. (2) 794, is the only case which we have found extending this equitable doctrine of subrogation to the payment of delinquent interest on school lands, such as involved in the instant question. In this case, the El Paso Court of Civil Appeals held that where the purchaser of State School land under an invalid foreclosure of a mortgage, paid to the State certain delinquent State interest on said lands, in evident good faith, to protect his title, such purchaser, upon the owner recovering title and possession of said land in a suit brought for the purpose, was entitled to invoke the equitable principle of subrogation and thereby become subrogated to the lien of the State for delinquent interest, to the extent and amount paid by such purchaser. But we think it significant that the Court of Civil Appeals found error in the judgment of the trial court requiring the owner of the land as a condition of having title adjudged in him, to immediately pay into the registry of the court, for the benefit and reimbursement of the purchaser, a certain sum including this delinquent interest on school lands, expended by said purchaser while he held the property. This holding was upon the theory that this purchaser "simply had a lien upon the land to secure the disbursements made by him."

Under this authority we are constrained to hold that an owner of land sold under judgment and decree of court for the taxes in question, could not be required, as a condition or pre-requisite to the redemption of such land, to pay or reimburse the purchaser at such sale for delinquent interest on school lands paid by him to the State to protect such lands from forfeiture during the redemption period. On the contrary, the owner would be entitled to effect a full and complete redemption by following the letter of the governing redemption statute, discussed above, paying only the amount therein required.

But the purchaser at a tax sale is not remediless for equity will not stand by to see the owner unjustly enriched by his own delinquency. For while the owner may reacquire his property by complying with the conditions and paying the amount set forth in the applicable redemption statute, nevertheless such land will return to him charged with the state's lien for delinquent interest on such land. To this lien the purchaser at tax sale has become subrogated by virtue of his payment of such interest to the State, not as a mere volunteer but to

protect his interest in the land during the redemption period, and this lien is subject to enforcement through the proper judicial channels.

Thanking you for your helpful suggestions upon the questions submitted, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

(signed)

By          Pat M. Neff, Jr.
                   Assistant

APPROVED JUL 6, 1939
(signed) W. F. Moore
W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

PMN:N

APPROVED
opinion
committee
By  RWF
       chairman